IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                                   PLAINTIFF

v.                                          Case No. 4:20-cr-00028 KGB

SHERRI LYNN TIDWELL                                                                                        DEFENDANT

**ORDER**

Before the Court is defendant Sherri Lynn Tidwell's objection to seizure of home sale proceeds (Dkt. No. 29). The United States of America responded in opposition to the objection (Dkt. No. 32), and the Court conducted a hearing on the objection (Dkt. No. 33). For the following reasons, Ms. Tidwell's objection is overruled.

   I.   **Factual Background**

On June 3, 2021, Ms. Tidwell entered a plea of guilty to bank fraud, pursuant to 18 U.S.C. § 1344(2), as set out in Count 11 of the indictment (Dkt. Nos. 1; 18). Based on the Court's acceptance of the guilty plea, the United States moved to dismiss the remaining 26 counts of the indictment against Ms. Tidwell. This Court granted the motion to dismiss. As a part of their plea agreement, the parties agreed that Ms. Tidwell acknowledged that restitution was mandatory pursuant to 18 U.S.C. § 3663A and that Ms. Tidwell agreed to the entry of an Order of restitution for the full amount of the victim's losses, regardless of whether charges relating to the losses were excluded or dismissed as part of the plea agreement (Dkt. No. 18, ¶ 9.D.). At the time of the plea, the parties agreed the amount of restitution payable by Ms. Tidwell was approximately $277,766.78 (*Id.*).

On June 23, 2022, the Court conducted a sentencing hearing at which Ms. Tidwell was sentenced to 12 months plus one day of imprisonment and five years of supervised release, along

with restitution in the amount of $277,766.78 and a $100.00 mandatory special assessment (Dkt. No. 26). The Court entered Judgment on June 24, 2022 (Dkt. No. 27).

With respect to the current dispute, the United States maintains that, on June 30, 2022, in an effort to ensure collection of the restitution amount due and owing, the United States properly perfected its lien against all of Ms. Tidwell's property and rights to property in Pulaski County, Arkansas, by filing a Notice of Lien (Dkt. No. 32, ¶ 7). Ms. Tidwell and her husband jointly own a home in Pulaski County, Arkansas, which they wish to sell (*Id.*, ¶ 8). The United States has communicated to Ms. Tidwell that it will partially release its lien on Ms. Tidwell's property to allow for a fair market value sale of the house, provided 50% of the gross sale proceeds are paid toward Ms. Tidwell's restitution Judgment at closing, representing her interest in the jointly owned property (*Id.*, ¶ 9; *see also Id.*, at 3 n.2). Ms. Tidwell objects to this current proposal (Dkt. No. 29). She "believes, at most, only 10% of her half of the proceeds from the sale of the home are subject to restitution," relying on payment language included in the Judgment entered by this Court to support her argument (Dkt. Nos. 29, at 2; 27, at 7).

To resolve this dispute, the Court reviews the sentence imposed and relevant legal authorities.

## II.     Sentence Imposed

The Court first examines the terms of the sentence imposed with respect to Ms. Tidwell's restitution obligation. At the sentencing hearing, the Court announced that restitution in the amount of $277,766.78 is due and owing to the United States District Clerk; that the amount is due immediately; and that any unpaid balance would be payable as follows: (1) during incarceration at the rate of 50 percent per month of all funds available to Ms. Tidwell; (2) during residential re-entry placement at the rate of 10 percent per month of Ms. Tidwell's monthly gross income; and

(3) beginning the first month of supervised release at the rate of 10 percent per month of Ms. Tidwell's monthly gross income. The Court waived interest on the restitution.

Further, the Court ordered Ms. Tidwell to provide the United States Probation Office with access to any requested financial information, including unexpected financial gains, and to authorize the release of any financial information. The Court expressly permitted the United States Probation Office to share financial information with the United States Attorney's Office. Ms. Tidwell was ordered not to incur new credit charges or to open additional lines of credit without the approval of the United States Probation Office unless all criminal penalties were satisfied.

In the written Judgment, the Court imposed restitution and the special assessment (Dkt. No. 27, at 6). The restitution was imposed as a condition of her supervised release, with the Judgment stating: "You must make restitution in accordance with 18 §§ 3663 and 3663A or any other statute authorizing a sentence of restitution." (*Id.*, at 3). The Court waived interest on the restitution (*Id.*, at 6). The Court directed that a $100.00 lump sum payment was due immediately, with the balance due in accordance with the special instructions set forth in the Judgment, specifying:

> During incarceration payments will be 50 percent of all funds that are available to the defendant. During residential re-entry placement, payments will be ten percent of the defendant's gross monthly income. Beginning the first month of supervised release, payments will be ten percent per month of the defendant's monthly gross income per month.

(*Id.*, at 7).

In this case, the parties do not cite to this Court the oral sentencing pronouncement, nor do the parties argue that the sentence imposed orally is consistent or inconsistent with the Judgment entered in this case. The Court has examined this issue, however.

In *United States v. Mays*, 993 F.3d 607, 622 (8th Cir. 2021), the Eighth Circuit Court of Appeals provided the following guidance: "'The oral pronouncement by the sentencing court is the judgment of the court,' *United States v. Tramp*, 30 F.3d 1035, 1037 (8th Cir. 1994), and, '[t]o the extent there is any conflict between the district court's oral announcement of the special condition at sentencing and its written judgment, the oral sentence controls,' *United States v. Puckett*, 929 F.3d 1004, 1006 (8th Cir. 2019) (per curiam)." The court in *Mays* further explained: "Granted, if a district court's written judgment is 'consistent' with its discernible intent in the oral pronouncement and simply 'clarified' an 'imprecisely' pronounced special condition, there is no conflict, and we may treat the written judgment as operative." *Mays*, 993 F.3d at 622 (citing *United States v. Carter*, 652 F.3d 894, 897 (8th Cir. 2011)); *see also United States v. Thompson*, 888 F.3d 347, 354 (8th Cir. 2018) ("While an oral sentence controls over a conflicting written judgment, mere imprecise language at a hearing will not negate the court's obvious intent.") (internal quotation marks omitted).[1]

Based on the oral sentence imposed by the Court, Ms. Tidwell's restitution was due immediately at the time of sentencing, with a payment plan imposed if payment was not made immediately. Ms. Tidwell was and remains obligated to provide to the United States Probation Office access to any requested financial information, including unexpected financial gains, and to

---

[1] When such conflicts exist, the portion of the written judgment "that is broader than the oral version is void." *United States v. Brave*, 642 F.3d 625, 627 (8th Cir. 2011). When such issues are raised on appeal, the Eighth Circuit in past cases has remanded the special condition to the district court with instructions for it to reconcile the written judgment with the oral pronouncement by striking the disputed portion of this special condition. *See, e.g.*, *United States v. Morais*, 670 F.3d 889, 895 (8th Cir. 2012) (remanding in these circumstances "with instructions to amend the written judgment to conform to the oral pronouncement" of a special condition).

4

authorize the release of any financial information. The Court expressly permitted the United States Probation Office to share financial information with the United States Attorney's Office.

### III. Collecting Restitution

The Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A–3664 ("MVRA"), requires a court to order full restitution and to establish a payment schedule. *See United States v. Miller*, 588 F.Supp.2d 789, 793 (W.D. Mich. 2008). The MVRA applies to certain crimes, including offenses committed by fraud or deceit, like the crime to which Ms. Tidwell pled guilty. 18 U.S.C. § 3663A(a)(1), (c). In this case, the Court was required by the MVRA to impose restitution in the full amount of the victim's losses, with no authority to reduce the total amount of restitution due to Ms. Tidwell's economic circumstances. 18 U.S.C. § 3664(f)(1)(A).

A defendant's failure to comply with the minimum payment terms could result in the term of supervision being modified, supervised release being revoked, or the defendant being resentenced, among other consequences. 18 U.S.C. § 3613A(a)(1). The Court also retains discretion to set and modify minimum required periodic payments related to fines, restitution, and assessments set forth in its judgments. The Court retains specific authority to modify the court-ordered schedule for repayment of an order of restitution, as the interests of justice require, upon receipt of notice of any material change in a defendant's economic circumstances that might affect the defendant's ability to pay restitution. 18 U.S.C. § 3664(k).

However, under the MVRA, a victim named in a restitution order has an independent right to enforce the restitution that is not contingent on showing that the defendant is in default under the court-imposed payment plan. 18 U.S.C. § 3664(m)(1)(B). The victim can obtain an abstract of a judgment for the full amount of restitution ordered and record it as "a lien on the property of

5

the defendant located in such State in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that State." *Id*.

Further, the MVRA grants the government the power to enforce victim restitution orders in the same manner that it recovers fines and "by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(i)–(ii).

Based on these provisions and case law reviewed by this Court, this Court agrees with many other courts in that "[t]he existence of this [court-imposed payment] schedule, however, 'does not mean that the Government is precluded from pursuing other avenues of ensuring that defendant's restitution obligation is satisfied. Court-imposed payment schedules are merely one means available to enforce a restitution judgment.'" *United States v. Otter*, Case No. 2:06-cr-25, 2011 WL 1843191, *1 (W.D.N.C. May 16, 2011) (quoting *United States v. James*, 312 F.Supp.2d 802, 807 (E.D. Va. 2004)); *United States v. Clayton*, 646 F.Supp.2d 827, 835 (E.D. La. 2009) (concluding that restitution enforcement methods "remain available even in the face of a payment schedule instituted by the district court in its criminal judgment."); *Miller*, 588 F.Supp.2d at 793 (same); *United States v. Hawkins*, 392 F.Supp.2d 757, 759 (W.D. Va. 2005) (same and examining policy reasons that support this determination).

"An expanding list of Federal courts have found that, under 18 U.S.C. §§ 3664(m) and 3613(a), the government is not limited by judicially crafted payment plans and may freely pursue other means of securing restitution. . . ." *United States v. Bancroft*, Case No. 1:09-cr-101-02, 2010 WL 4536785 (W.D. Mich. Nov. 2, 2010) (citing cases in support); *see also United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007) (holding that the United States may immediately enforce restitution orders by all available means and in accordance with the same practices available for enforcing civil judgments under 18 U.S.C. §§ 3664(m) and 3613(a)). "The length of the period in

which the Government can collect its debt necessitates that some amount of flexibility remain in the hands of the restitution collectors to ensure fulfillment of the debt collection." *United States v. Picklesimer*, Case No. 3:00-cr-0008, 2010 WL 2572850, *2 (W.D.N.C. 2010); *see also United States v. Lawrence*, 538 F.Supp.2d 1188, 1193 (D.S.D. 2008) (same).

### IV.     Conclusion

For these reasons, under the circumstances of this case, the Court overrules Ms. Tidwell's objection (Dkt. No. 29). The full amount of restitution was due and owing immediately by Ms. Tidwell; the existence of the Court-imposed payment schedule under the MVRA does not mean that the United States is precluded from pursuing other avenues of ensuring the restitution obligation is satisfied. Court-imposed payment schedules are merely one means available to enforce the restitution Judgment; the United States may freely pursue other means of securing restitution.

It is so ordered this 5th day of April, 2024.

*[signature]*
Kristine G. Baker
Chief United States District Judge