**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                                   **PLAINTIFF**

**v.**                                        **Case No. 4:20-cr-00028-KGB**

**SHERRI LYNN TIDWELL**                                                         **DEFENDANT**

**ORDER**

Before the Court is *pro se* defendant Sherri Lynn Tidwell's motion for early termination of supervised release (Dkt. No. 35).  The government has responded in opposition (Dkt. No. 39).

In the indictment, Tidwell was charged with 27 counts of bank fraud pursuant to 18 U.S.C. § 1344(2) (Dkt. No. 1).  The parties entered into a plea agreement, and Tidwell pled guilty to count 11 of the indictment (Dkt. Nos. 17; 18).  The Court, on the government's motion, dismissed the remaining counts against Tidwell (Dkt. No. 18, at 1).  The parties agreed that the amount of restitution to be paid by Tidwell is $277,766.78 (*Id.*, at 7).  This Court sentenced Tidwell to 12 months plus one day in the custody of the federal Bureau of Prisons ("BOP") to be followed by five years of supervised release, along with restitution and other standard, mandatory, and special conditions set forth in the Judgment (Dkt. No. 27).

In support of her motion for early termination of supervised release, Tidwell asserts that she "learned [her] lesson" and has been compliant with supervised release, including working full time and paying restitution (Dkt. No. 35).  She asserts that her current job requires her to travel and that she would like to travel out of state to grow her husband's business, without seeking permission from her United States Probation Officer to do so (*Id.*).  Tidwell began her term of supervised release on March 27, 2023, when she was released from the custody of the BOP (Dkt. No. 39, at 2).  The government opposes the motion and shares that the United States Probation Office also does not recommend early termination of supervised release at this time and reports

that there may be issues of noncompliance in this case; the United States Probation Office is investigating that (*Id.*, at 3).  The government, having consulted with the United States Probation Office, represents that Tidwell has not sought permission to travel out of state for employment reasons and, therefore, questions that representation as a basis for early termination (*Id.*).  Moreover, as the government observes, Tidwell owes a substantial amount of restitution and engaged previously in motion practice regarding her outstanding obligations (*Id.*, at 2–3).

Pursuant to 18 U.S.C. § 3583(e), the Court may terminate a term of supervised release where, after consideration of both the Federal Rules of Criminal Procedure and the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that such action is warranted by the conduct of the defendant and is in the interest of justice.  As Tidwell has served more than one year of supervised release, Tidwell is eligible for early termination of the remainder of her supervised release under 18 U.S.C. § 3583(e).

Even if Tidwell has complied with the terms of her supervised release to date, and the government suggests that may be in question, mere compliance with the terms of supervised release does not justify early termination because compliance is expected.  Without more, and based on the facts of this particular case, early termination at this point cannot be justified.  While Tidwell has made progress on completing the terms of her sentence, she has not made substantial progress such that the interests of justice support early termination at this point.

Therefore, this Court denies without prejudice Tidwell's motion for early termination of supervised release (Dkt. No. 35).

It is so ordered this the 3rd day of March, 2026.

Kristine G. Baker
Chief United States District Judge